# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CENTEL NICHOLS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN COPENHAVER,<br><br>    Respondent. | Case No. 1:13-cv-01184-SKO  HC<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He contends that the Bureau of Prisons ("BOP") lacks jurisdiction to establish a schedule for payment of assessments or fines when the sentencing District Court did not do so.

**I.    Background**

On May 25, 2009, the U.S. District Court for the Western District of Texas sentenced Petitioner to (1) 130 months' imprisonment for possession with intent to distribute at least 50 grams of "crack" cocaine, a Schedule II narcotic drug controlled substance  (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)) and (2) 60 months' imprisonment for possession of a firearm during the commission of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)).  The sentences were to be served consecutively, for an aggregate term of 190 months' imprisonment.  The sentencing court also ordered Petitioner to pay a $200 assessment and a $1000 fine, without interest.  Payment was

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

1  ordered to begin immediately.  As of September 25, 2013, Petitioner had paid $175.00 of the
2  assessment but none of the fine.

3  Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at the United States
4  Penitentiary at Atwater, California ("Atwater").  His projected release date is December 17, 2022,
5  with good conduct time.

6  In accordance with institutional practice, Petitioner's unit team encouraged his participation
7  in the Inmate Financial Responsibility Program ("IFRP"), a voluntary program in which an inmate
8  may satisfy his existing financial obligations, including both court-ordered obligations, such as
9  fines and restitution, and other obligations, such as child support.  *See* 28 C.F.R. § 545.10 *et seq*.
10 Through the program, BOP staff members assist the inmate in developing a plan to pay his
11 outstanding financial obligations based on his or her earnings from prison employment and other
12 resources, such as money received from sources outside prison.  The amount to be paid and the
13 inmate's agreement to participate are reconsidered at each program review.  (Inmates meet with
14 their unit team for program review every three to six months, depending on their release date.)
15 Although participation is voluntary, the BOP denies certain privileges to any inmate who elects not
16 to participate in the program or fails to comply with the terms of his plan.  28 C.F.R. § 545.11(d).
17 Petitioner participated in the program for various time periods and declined to participate during
18 other time periods.

19 On July 29, 2013, Petitioner filed the pending petition for writ of habeas corpus.
20 Respondent answered on October 30, 2013; Petitioner did not file a traverse.  The parties do not
21 dispute service or venue.

22 **II.**     **Discussion**

23        **A.**     **Propriety of the § 2241 Petition**

24 Respondent first contends that the petition is inappropriately brought under § 2241 since it
25 is a challenge to Petitioner's judgment and sentence, i.e., that Petitioner's real challenge is to the
26 sentencing court's delegation of the fine.  Petitions under § 2241 may challenge the manner,
27 location, or conditions of a sentence's execution, explains Respondent.  Since Petitioner concedes
28 that BOP is carrying out the terms of his sentence as imposed, but that the terms of the sentence

2

were improper, Respondent maintains that he must bring a petition in the sentencing court pursuant to § 2255. The Court disagrees.

In the Ninth Circuit, a prisoner may challenge the terms of an order for payment of fines or restitution in a habeas corpus petition pursuant to § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *United States v. Lemoine*, 546 F.3d 1042, 1044 (9th Cir. 2008); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998); *Ha v. Adler*, 2009 WL 464467 at *2 (E.D.Cal. Feb. 24, 2009) (No. 1:07-cv-01400-AWI-JMD HC). *See also Mujahid v. Crabtree*, 999 F.Supp. 1398, 1401 (D. Ore. 1998) (interpreting an inmate's challenge to the IFRP program to be contesting the manner in which his sentence was carried out and thus, properly filed in the district of incarceration pursuant to § 2241). The Court concludes that this petition may proceed under § 2241.

### B.    Exhaustion

Respondent next contends that petition should not proceed since Petitioner has not exhausted his administrative appeals. Petitioner concedes that he has not done so, but argues that exhaustion is not required because pursuing administrative appeals would be futile. Petitioner is correct.

"Before pursuing habeas relief under 28 U.S.C. § 2241, a petitioner must exhaust administrative remedies through the Bureau of Prisons." *Sours v. Chavez*, 2009 U.S.Dist. LEXIS 76743 (D.Ariz. June 17, 2009), *adopted* 2009 U.S.Dist. LEXIS 76965 (D.Ariz. Aug. 26, 2009) (No. CV 08-1903-PHX-SRB (ECV)). "Exhaustion is not required," however, "if pursuing these remedies would be futile." *Id.* (quoting *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993)). Exhaustion would be futile when an inmate challenges an official policy of the BOP, such as the IFRP. *Ward*, 678 F.3d at 1046. Accordingly, Petitioner was not required to exhaust his claims in this case.

### C.    Improper Delegation of Payment Scheduling

Finally reaching the substance of Petitioner's claim, Respondent contends that the Court must dismiss or deny the petition because scheduling payment of Petitioner's fine and assessment through IFRP is not an impermissible delegation of the District Court's responsibility to establish a

schedule for payment of restitution. Respondent is correct. Because Petitioner was ordered to pay an assessment and fine, his reliance of law applicable to payment of restitution is misplaced.

"[T]he IFRP has been upheld generally." *Montano-Figueroa*, 162 F.3d at 549. A district court does not err in imposing a fine based on an otherwise indigent defendant's ability to pay through IFRP during his incarceration. *United States v. Haggard*, 41 F.3d 1320, 1329 (9th Cir. 1994). An inmate's payment of a fine through IFRP does not improperly intrude on the court's sentencing authority when the sentencing order sets only the fine amount, and not its method of payment. *Montano-Figueroa*, 162 F.3d at 550 (addressing a judgment setting the amount of the defendant's fine and directing only that it was payable immediately). In the absence of an explicit improper delegation of the court's authority, prisons' maintenance of "work programs that require inmates to pay court-imposed fines or restitution" neither usurp the courts' Article III powers nor violate the separation of powers doctrine. *Id.*

If the sentencing order concerns the inmate's payment of restitution, however, the result may be different. The Mandatory Victims Restitution Act of 1996 (18 U.S.C. § 3663A) ("MVRA") requires the sentencing court to fix the terms of restitution. *United States v. Gunning*, 401 F.3d 1145, 1149 (2005) ("*Gunning II*"). Under the MVRA, the sentencing court may not delegate its responsibility. *Id.* When the "MVRA is not the basis for [a] petitioner's restitution order, [*United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003) ("*Gunning I*")] is not controlling." *Geiger v. Federal Bureau of Prisons*, 487 F.Supp.2d 1155, 1160 (C.D.Cal. 2007). *See also Gunning II*, 401 F.3d at 1150 (distinguishing the application of *Montano-Figueroa* to an inmate's payment of fines from its inapplicability to post-MVRA restitution orders); *Woodworth v. Apker*, 2011 WL 3439164 at *3 (D.Ariz. June 17, 2011), *adopted* 2011 WL 3439177 (D.Ariz. Aug. 5, 2011) (No. CV 10-520-TUC-CKJ (BPV)) (distinguishing restitution orders entered prior to the enactment of the MVRA).

Similarly, when the sentencing judgment does not include a restitution order, as is the case for Petitioner in this matter, the MVRA does not dictate the result. *Whitmore v. Ives*, 2011 WL 6032395 at * 6 (E.D.Cal. Dec. 5, 2011) (No. 2:09-cv-01526-DAD HC). In such cases, *Montano-

*Figueroa* controls. *Id.* Petitioner's reliance on *Gunning II* and *Ward*, both cases addressing restitution orders under the MVRA, is misplaced.[2]

### C. Petitioner's Participation Under Protest

Finally, Petitioner contends that he was forced to participate in the IFRP lest he lose eligibility for certain BOP programs. Respondent does not address Petitioner's contentions. To the extent that Petitioner intended to advance his participation under protest as an additional ground to the petition, he cannot prevail.

"The use of incentives to encourage compliance in a rehabilitative program does not render it unconstitutional or unlawful." *Lemoine*, 546 F.3d at 1049 (quoting *McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality)). "An inmate is free to decline to participate in the IFRP" even though "the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences" as set forth in 238 C.F.R. § 545.11(d). *Lemoine*, 546 F.3d at 1047. The consequences of an inmate's decision not to participate in the IFRP "are reasonably related to the legitimate penological interest of rehabilitation." *Id.* at 1048. "The benefits and consequences of participation in the [IFRP] are considered a persuasive rewards program to those inmates who chose to participate in the repayment of their debt to the victims and society." *Magueira v. Adler*, 2009 WL 80355 at * 3 (E.D. Cal. Jan. 13, 2009) (No. 1:08-cv-01167-DLB HC).

The consequences of an inmate's determination not to participate in the IFRP do not violate his or her right to due process. *Whitmore*, 2011 WL at *7. Denial of the benefit of participation is not such an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that it implicates a liberty interest. *Lemoine*, 546 F.3d at 1050 (quoting *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995)).

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*,

///

---

[2] Petitioner also relies on *United States v. Johnson*, 48 F.3d 806 (4th Cir. 1995). In *Johnson*, the Fourth Circuit addressed a judgment that improperly delegated to a probation officer the discretion to determine the ultimate amount of restitution to be paid by the defendant. Thus, *Johnson* is inapposite.

537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial

6

showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

### IV. Conclusion and Order

Accordingly, the Court hereby ORDERS that:

1. The petition for writ of habeas corpus is DENIED;

2. The Clerk of Court is DIRECTED to enter judgment for Respondent; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 30, 2015**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE